UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK MARTINEZ,<br>TDCJ # 481969,<br><br>　　　　Petitioner<br><br>v.<br><br>NATHANIEL A. QUARTMERMAN,<br>Texas Department of Criminal Justice<br>Institutional Division Director,<br><br>　　　　Respondent | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.<br>SA-07-CA-544 OG (NN) |

**MEMORANDUM AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**To:** Orlando L. Garcia
　　　United States District Judge

　　Pending before me is petitioner Martinez's Petition for a Writ of Habeas Corpus by A Person in State Custody (docket entry no. 2). By previous written Order, I have granted petitioner leave to proceed *pro se*. I have jurisdiction to enter this Memorandum and Recommendation under 28 U.S.C. § 636(b) and the District Court's referral of all pretrial matters in this proceeding for disposition by order, or to aid in their disposition by recommendation where the Magistrate Judge's authority is statutorily constrained.

　　Martinez's instant federal petition challenges his 2007 Bexar County drug conviction and three year sentence. *See Texas v. Martinez*, No. 2006-CR-9714 (Tex. 290th Jud. Dist. Ct., Bexar Cty., May 22, 2007). After reviewing Martinez's petition and the applicable law, I find Martinez's

federal petition for a writ of habeas corpus should be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

Jurisdiction is noted pursuant to Title 28 U.S.C. § 2254.

*Statement of the Case & Discussion*

According to petitioner Martinez, he was sentenced to three years' incarceration on May 22, 2007, after entering a plea of nolo contendere to charges that he possessed a controlled substance with intent to deliver. Petitioner Martinez's federal habeas petition acknowledges he has not directly appealed his conviction and sentence but that he has filed a state writ of habeas corpus, which is currently pending before the Texas State Courts (docket entry no. 2 at 3).

Petitioner Martinez signed his instant federal habeas petition June 25, 2007.

After careful review of petitioner Martinez's federal habeas petition, I recommend that it be dismissed at this juncture because petitioner Martinez has failed to exhaust his available state remedies.

Title 28 U.S.C. § 2254(b) states "a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." The exhaustion doctrine is based on comity for state court processes and the principle that state courts should be given the first opportunity to correct alleged federal constitutional violations.[2] To exhaust

---

[1] Rule 4 of the Rules Governing Section 2254 Cases provides:
The original petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. In every case a copy of the petition and any order shall be served by certified mail on the respondent and the attorney general of the state involved.

[2] *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

state remedies in Texas, a petitioner must present his claim to the Texas Court of Criminal Appeals by direct appeal or through a post-conviction writ application.[3] Before seeking habeas corpus relief in this Court, therefore, Martinez was required to exhaust all available state remedies. A court may notice *sua sponte* the lack of exhaustion.[4] Because petitioner Martinez acknowledges he never presented his claims to the Texas Court of Criminal Appeals on direct appeal or through a State habeas corpus application, it is apparent he failed to exhaust his State remedies.

*Recommendation*

For the reasons discussed above, it is my recommendation that petitioner Martinez's Petition for a Writ of Habeas Corpus filed by a Person in State Custody (docket entry no. 2) be **DISMISSED for failure to exhaust state remedies.**

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL

The United States District Clerk shall serve a copy of this United States Magistrate Judge's Findings and Recommendation on all parties by either (1) mailing a copy to each of them by certified mail, return receipt requested, or (2) facsimile if authorization to do so is on file with the Clerk.

Pursuant to Title 28 U.S.C. §636(b)(1), and Rule 4(b) of the Local Rules for the Assignment of Duties to United States Magistrates, the parties are hereby notified that a party desiring to object to this report must file with the Clerk of this Court and serve the Magistrate Judge and all parties with written objections to the findings and recommendation included above within ten (10) days after being served with a copy of this Memorandum and Recommendation.[5]

---

[3] *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

[4] *See McGee v. Estelle*, 722 F.2d 1206, 1214 (5th Cir.1984).

[5] *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

A party's objections must specifically identify the findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections.[6]  A party's failure to file written objections to the proposed factual findings, legal conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court of those proposed factual findings, legal conclusions, and recommendations.[7]

Additionally, <u>failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within ten (10) days after being served with a copy, shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, unless the party validly alleges grounds of plain error.</u>[8]

**SIGNED** on July 6, 2007.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[6] *See Battle v. U.S. Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

[7] *See generally Thomas v. Arn*, 474 U.S. 140, 150-55 (1985); 28 U.S.C. §636(b)(1).

[8] *See Acuna v. Brown & Root Inc.*, 200 F.3d 335, 340 (5th Cir. 2000), *cert. denied*, 530 U.S. 1229 (2000); and *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).